# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 19, 2011

## STATE OF TENNESSEE v. KENNETH McINTYRE

**Direct Appeal from the Criminal Court for Davidson County**
**Nos. 2008-C-2797; 2009-I-1307     Mark J. Fishburn, Judge**

---

**No. M2010-02362-CCA-R3-CD - Filed September 12, 2011**

---

The Defendant-Appellant, Kenneth McIntyre, pled guilty to a violation of the habitual motor vehicle offender (HMVO) order, a class E felony, and passing worthless checks under the value of $500, a class A misdemeanor. Under the terms of the plea agreement, the Defendant-Appellant agreed to be sentenced as a career offender with the time and manner of the sentence to be determined by the trial court. The Defendant-Appellant received a six-year term of imprisonment for the HMVO conviction, and eleven months and twenty-nine days imprisonment for the worthless check conviction. The trial court ordered these sentences to be served concurrently. In this appeal, the Defendant-Appellant argues the trial court erred in imposing sentence. Because the Defendant-Appellant filed his notice of appeal more than five months after the judgment became final, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

F. Michie Gibson, Jr., Nashville, Tennessee for the Defendant-Appellant, Kenneth McIntyre.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Kyle Anderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Tennessee Rules of Appellate Procedure require us to determine whether we have jurisdiction in every case on appeal. Tenn. R. App. P. 13(b). In criminal cases, an appeal as of right lies from a final judgment of conviction. Tenn. R. App. P. 3(b). In order to initiate the appeal, Rule 4 of the Tennessee Rules of Appellate Procedure requires a notice of appeal to be filed within thirty days after the date of entry of the judgment from which it is appealed. Tenn. R. App. P. 4(a). The notice of appeal is not jurisdictional in criminal

cases; thus, the filing of the notice of appeal can be waived in the interest of justice. Id. The judgment in this case was entered on March 24, 2010, and the notice of appeal was filed almost seven months later, on October 1, 2010. As argued by the State, it is clear that the notice is untimely.

The State contends that this appeal should be dismissed because the Defendant-Appellant has not sought a waiver of the timely filing requirement in the "interests of justice" with this court as required by Rule 4. The record shows that on April 19, 2010, defense counsel filed a motion for the trial court to appoint him to represent the Defendant-Appellant on appeal. Apparently, in response to this motion, the trial court appointed counsel on May 7, 2010. On September 15, 2010, the Defendant-Appellant filed a "Motion to Late File Notice of Appeal" in the trial court. Within this motion, defense counsel requested the trial court to permit a late filed notice of appeal because counsel was not informed that the Defendant-Appellant wanted to pursue an appeal until April 19, 2010, and that counsel was not appointed to represent the Defendant-Appellant on appeal until May 7, 2010. On October 1, 2010, the same day the Defendant-Appellant filed his notice of appeal, the trial court filed an order permitting the Defendant-Appellant to file a late notice of appeal.

As previously noted, this Court has authority to waive "in the interest of justice" the timely filing of the Defendant-Appellant's notice of appeal. Tenn. R. App. P. 4(a). To date, the Defendant-Appellant has not sought waiver "in the interest of justice" of the timely filing requirement of the notice of appeal with this court. Id. Even if we assume, similarly to the trial court, that the notice was late filed because defense counsel was not appointed until May 7, 2010, this does not explain the four-month delay between counsel's appointment and filing the "Motion to Late File Notice of Appeal." We are also compelled to note that appellate counsel was the same counsel appointed to represent the Defendant-Appellant for the guilty plea and sentencing. "Appointed counsel shall continue to represent an indigent party throughout the proceedings, *including any appeals*, until the case has been concluded or counsel has been allowed to withdraw by a court." See Tenn. Sup. Ct. R. 13 (emphasis added). The record does not show that counsel was permitted to withdraw by the trial court. Finally, the Defendant-Appellant fails to address or explain how waiving the timely filing of his notice of appeal serves the interest of justice.

## CONCLUSION

We have reviewed the record presented in this case and it does not show that waiver of the Defendant-Appellant's late notice of appeal would serve the interest of justice. Accordingly, the Defendant-Appellant's appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE